**BRODSKY & SMITH, LLC**
EVAN J. SMITH
1040 Kings Highway N., Suite 650
Cherry Hill, NJ 08034
Tel: (856) 795-7250
Fax: (856) 795-1799
esmith@brodskysmith.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANN BECK JOHNSON, TRUSTEE FOR THE ANN B JOHNSON LIVING TRUST, In Its Behalf and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>   v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, FRANCISCO D'SOUZA, KAREN MCLOUGHLIN, and GORDON COBURN,<br><br>                Defendants. | No.<br><br>COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAWS<br><br>CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Ann Beck Johnson, Trustee for The Ann B Johnson Living Trust ("Plaintiff"), in its own behalf, and on behalf of all others similarly situated, by and through Plaintiff's counsel, alleges the following based upon personal knowledge as

to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, an investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the filings of Cognizant Technology Solutions Corporation ("Cognizant" or the "Company) with the United States Securities and Exchange Commission ("SEC"), Company news releases and conference calls, public statements issued by Defendants, securities analyst reports, and media and industry reports.   Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after Plaintiff has had a reasonable opportunity to conduct discovery.

## NATURE OF THE ACTION AND OVERVIEW

1.     This is a federal securities class action on behalf of all persons who purchased Cognizant securities between February 27, 2015, and September 30, 2016, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").   These claims are asserted against Cognizant and certain of its current and former officers who made materially false and misleading statements during the Class Period in press release, analyst and investor conference calls, and SEC filings.

2.     Cognizant, a Delaware corporation headquartered in Teaneck, New Jersey, provides information technology services ("IT"), consulting, and business process services that enable its clients to operate more efficiently.   The Company's

technical professionals work from the Company's development and delivery centers, which are located throughout the world, as well as from client locations. The majority of Cognizant's technical professionals are employed in India.

3.      Throughout the Class Period, Defendants made false and misleading statements and failed to disclose material adverse facts about the Company's business and operations. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Cognizant made improper payments to Indian officials in exchange for building permits and operating licenses for certain of the Company's facilities in India; (2) Cognizant lacked effective internal controls over financial reporting; and (3) as a result, Defendants' statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

4.      The truth about Cognizant's business practices began to surface on September 30, 2016, when the Company announced that Gordon Coburn, the Company's President, abruptly resigned from his position on September 27, 2016. Coinciding with this news, Cognizant disclosed in Form 8-K filed with the SEC that the Company had initiated an internal investigation regarding occurrences of bribery related to its delivery centers located in India:

> The Company is conducting an internal investigation into whether certain payments relating to facilities in India were made improperly and in possible violation of the U.S. Foreign Corrupt Practices Act and other applicable laws. The investigation is being conducted under the

oversight of the Audit Committee, with the assistance of outside counsel, and is currently focused on a small number of Company-owned facilities. The Company has voluntarily notified the United States Department of Justice (the "DOJ") and United States Securities and Exchange Commission (the "SEC") and is cooperating fully with both agencies. The internal investigation is in its early stages, and the Company is not able to predict what, if any, action may be taken by the DOJ, SEC or any governmental authority in connection with the investigation or the effect of the matter on the Company's results of operations, cash flows or financial position.

5.     On this news, the price of the Company's common stock declined $7.29 per share, or more than 13%, from a close of $55.00 per share on September 29, 2016, to close at $47.71 per share on September 30, 2016.

6.     The following week, on October 4, 2016, *The Indian Express* published an article about the Company's internal corruption investigation and cited a Cognizant spokesperson who stated that the Company's "investigation is currently focused on improper payments such as building licenses, permits, etc., involving a small number of Company-owned facilities in India."

## JURISDICTION AND VENUE

7.     The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder, including SEC Rule 10b-5, 17 C.F.R. § 240.10b-5.

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

9.     Venue is proper in this District pursuant to Section 27 of the Exchange Act, 15 U.S.C. §§ 78aa, and 28 U.S.C. § 1391(b) because the Company has its headquarters in this District, it conducts a substantial amount of business throughout this District, and a substantial part of the events giving rise to these claims took place in this District.

10.     In connection with the acts, conduct, and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and the facilities of the national securities markets.  Cognizant's common stock trades in an efficient market on the NASDAQ under the ticker symbol "CTSH."

## PARTIES

11.     Plaintiff, as set forth in the accompanying certification attached as Exhibit A, incorporated by reference herein, purchased Cognizant common stock at artificially inflated prices during the Class Period and has been damaged thereby.

12.     Defendant Cognizant is a Delaware corporation headquartered in Teaneck, New Jersey, and provides IT, consulting, and business process services worldwide.

13.     Defendant Francisco D'Souza is and throughout the Class Period was the Company's Chief Executive Officer.

14.     Defendant Karen McLoughlin is and throughout the Class Period was the Company's Chief Financial Officer.

15.     Defendant Gordon Coburn was throughout the Class Period, until his resignation on September 27, 2016, the Company's President.

16.     Defendants D'Souza, McLoughlin, and Coburn are collectively referred to hereinafter as the "Individual Defendants."

17.     The Individual Defendants, because of their positions with the Company, possessed the power and authority to control the contents of the Company's reports to the SEC, press releases, and presentations to securities analysts, money and portfolio managers, and institutional investors, *i.e.*, the market. Each Individual Defendant was provided with copies of the Company's reports and press releases alleged herein to be misleading prior to or shortly after their issuance, and had the ability and opportunity to prevent their issuance or cause them to be corrected.  Because of their positions and access to material non-public information available to them, each of the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and misleading.  The Individual Defendants are liable for the false statements pleaded herein, as those statements were each "group-published" information, the result of the collective actions of the Individual Defendants.

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading
### Statements Issued During the Class Period

18.    The Class Period begins on February 27, 2015, and coincides with the filing of the Company's Form 10-K for the fiscal year ended December 31, 2014 (the "2014 Annual Report").

19.    The 2014 Annual Report provided the Company's year-end financial results and position and stated that the Company's internal control over financial reporting and disclosure controls and procedures were effective as of December 31, 2014.  The 2014 Annual Report was signed by Defendants D'Souza and McLoughlin and included Defendants D'Souza and McLoughlin's signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") attesting to: (1) the accuracy of financial reporting; (2) the disclosure of any material changes to the Company's internal control over financial reporting; and (3) the disclosure of all fraud.

20.    The statements contained in the 2014 Annual Report, as referenced in ¶19, were materially false and/or misleading because those statements misrepresented and failed to disclose adverse facts pertaining to the Company's business and operations which were known to Defendants or recklessly disregarded by them.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Cognizant made improper payments to Indian officials in exchange for building permits and operating licenses for certain of the Company's

facilities in India; and (2) Cognizant lacked effective internal control over financial reporting.   As a result, Defendants' statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

21.    The following year, on February 25, 2016, the Company filed its Form 10-K for the fiscal year ended December 31, 2015 (the "2015 Annual Report"), which provided the Company's year-end financial results and position and stated that the Company's internal control over financial reporting and disclosure controls and procedures were effective as of December 31, 2015.  The 2015 Annual Report was signed by Defendants D'Souza and McLoughlin and included Defendants D'Souza and McLoughlin's signed SOX certifications attesting to: (1) the accuracy of financial reporting; (2) the disclosure of any material changes to the Company's internal control over financial reporting; and (3) the disclosure of all fraud.

22.    The statements contained in the 2015 Annual Report, as referenced in ¶23, were materially false and/or misleading because those statements misrepresented and failed to disclose adverse facts pertaining to the Company's business and operations which were known to Defendants or recklessly disregarded by them.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Cognizant made improper payments to Indian officials in exchange for building permits and operating licenses for certain of the Company's

facilities in India; and (2) Cognizant lacked effective internal control over financial reporting.   As a result, Defendants' statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

## The Truth Begins to Emerge

23.    On September 30, 2016, Cognizant filed a Form 8-K with the SEC revealing that Defendant Coburn had abruptly resigned from his position as Cognizant's President on September 27, 2016.

24.    Cognizant also disclosed in the same Form 8-K that the Company had initiated an internal investigation regarding occurrences of bribery related to its business operations in India:

> The Company is conducting an internal investigation into whether certain payments relating to facilities in India were made improperly and in possible violation of the U.S. Foreign Corrupt Practices Act and other applicable laws. The investigation is being conducted under the oversight of the Audit Committee, with the assistance of outside counsel, and is currently focused on a small number of Company-owned facilities. The Company has voluntarily notified the United States Department of Justice (the "DOJ") and United States Securities and Exchange Commission (the "SEC") and is cooperating fully with both agencies. The internal investigation is in its early stages, and the Company is not able to predict what, if any, action may be taken by the DOJ, SEC or any governmental authority in connection with the investigation or the effect of the matter on the Company's results of operations, cash flows or financial position.

25.     On this news, the price of the Company's common stock declined $7.29 per share, or more than 13%, from a close of $55.00 per share on September 29, 2016, to close at $47.71 per share on September 30, 2016.

26.     On October 4, 2016, *The Indian Express* published an article about the Company's internal corruption investigation and cited a Cognizant spokesperson who stated that the Company's "investigation is currently focused on improper payments such as building licenses, permits, etc., involving a small number of Company-owned facilities in India."

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased Cognizant securities during the Class Period on a domestic exchange (the "Class").  Excluded from the Class are Defendants, directors and officers of Cognizant, and their families and affiliates.

28.     The members of the Class are so numerous that joinder of all members is impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.  The Company's shares are likely owned by thousands of persons.

29.     There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members

of the Class which predominate over questions which may affect individual Class members include:

(a)     Whether Defendants violated the Exchange Act;

(b)     Whether Defendants omitted and/or misrepresented material facts;

(c)     Whether Defendants' statements omitted material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

(d)     Whether Defendants knew or recklessly disregarded that their statements were false and misleading;

(e)     Whether the price of Cognizant securities were artificially inflated; and

(f)     The extent of damage sustained by Class members and the appropriate measure of damages.

30.     Plaintiff's claims are typical of those of the Class because Plaintiff and the Class sustained damages from Defendants' wrongful conduct.

31.     Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in class action securities litigation.  Plaintiff has no interests which conflict with those of the Class.

32.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## LOSS CAUSATION/ECONOMIC LOSS

33.     Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.  The price of Cognizant's securities were artificially inflated throughout the Class Period by Defendants' false and misleading statements, and significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.  As a result of their purchases of Cognizant securities during the Class Period, Plaintiff and other members of the Class suffered economic loss, *i.e.*, damages, under the federal securities laws.

## SCIENTER ALLEGATIONS

34.     During the Class Period, Defendants had both the motive and opportunity to commit fraud.  They also had actual knowledge of the misleading nature of the statements they made, or acted in reckless disregard of the true information known to them at the time.  In so doing, Defendants participated in a scheme to defraud and committed acts that operated as a fraud or deceit on purchasers of the Company's securities during the Class Period.

12

## APPLICABILITY OF PRESUMPTION OF RELIANCE:
## FRAUD ON THE MARKET DOCTRINE

35.     Plaintiff will rely upon the presumption of reliance established by the fraud-on-the-market doctrine in that, among other things:

(a)     Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

(b)     The omissions and misrepresentations were material;

(c)     The Company's securities traded domestically on the NASDAQ exchange, an efficient market;

(d)     The misrepresentations alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

(e)     Plaintiff and other members of the Class purchased Cognizant securities between the time Defendants misrepresented or failed to disclose material facts and the time the true facts were disclosed, without knowledge of the misrepresented or omitted facts.

36.     At all relevant times, the market for Cognizant securities was efficient for the following reasons, among others: (1) as a regulated issuer, Cognizant filed periodic public reports with the SEC; (2) Cognizant regularly communicated with public investors through established market communication mechanisms, including through regular disseminations of press releases on major news wire services and through other wide-ranging public disclosures, such as communications with the

financial press, securities analysts, and other similar reporting services; and (3) Cognizant's securities traded domestically on the NASDAQ, an efficient market.

## NO SAFE HARBOR

37.     Defendants' "Safe Harbor" warnings accompanying any forward-looking statements issued during the Class Period were ineffective to shield those statements from liability.

38.     Defendants are also liable for any false or misleading forward-looking statements pleaded because, at the time each forward-looking statement was made, the speaker knew the forward-looking statement was false or misleading and the forward-looking statement was authorized and/or approved by an executive officer of Cognizant who knew that the statement was false.  None of the historic or present tense statements made by Defendants were assumptions underlying or relating to any plan, projection, or statement of future economic performance, as they were not stated to be such assumptions underlying or relating to any projection or statement of future economic performance when made, nor were any of the projections or forecasts made by defendants expressly related to or stated to be dependent on those historic or present tense statements when made.

## FIRST CLAIM

### Violation of Section 10(b) of the Exchange Act and Rule 10b-5
### Promulgated Thereunder Against All Defendants

39.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

40.     During the Class Period, Cognizant and the Individual Defendants carried out a plan, scheme, and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase Cognizant securities at artificially inflated prices. In furtherance of this unlawful scheme, plan, and course of conduct, each of these Defendants, took the actions set forth herein.

41.     Cognizant and the Individual Defendants: (1) employed devices, schemes, and artifices to defraud; (2) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (3) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Cognizant securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5.  Defendants are sued as primary participants in the wrongful and illegal conduct charged herein and/or as controlling persons.

42.     Defendants Class Period statements were issued with actual knowledge of their falsity or were issued with extreme recklessness.

43.     As a direct and proximate result of these Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## SECOND CLAIM

### Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

44.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

45.     The Individual Defendants acted as controlling persons of Cognizant within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements issued by the Company and disseminated to the investing public, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.  The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after

16

these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and therefore is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

47.    As set forth above, Cognizant and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.   By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.

48.    As a direct and proximate result of the Individual Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a)    Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)    Awarding damages and equitable relief in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, in an amount to be proven at trial, including interest thereon;

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

49.     Plaintiff hereby demands a trial by jury.

Dated: November 18, 2016                    Respectfully submitted,

*s/ Evan J. Smith*
EVAN J. SMITH
**BRODSKY & SMITH, LLC**
1040 Kings Highway N., Suite 650
Cherry Hill, NJ 08034
Tel: (856) 795-7250
Fax: (856) 795-1799
esmith@brodskysmith.com

*Attorneys for Plaintiff*

## <u>CERTIFICATION PURSUANT TO L.CIV.R. 11.2</u>

I certify, pursuant to L.Civ.R. 11.2, that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I certify under penalty of perjury that the foregoing is true and correct. Executed on this 18th day of November 2016.

<u>s/ Evan J. Smith</u>

EVAN J. SMITH

## <u>CERTIFICATE OF NON-ARBITRABILITY</u><br><u>PURSUANT TO L.CIV.R. 201.1(d)(3)</u>

I certify, pursuant to L.Civ.R. 201.1(d)(3), that the above-captioned matter is not arbitrable because the damages recoverable exceed the sum of $150,000, exclusive of interest and costs and any claim for punitive damages.

I certify under penalty of perjury that the foregoing is true and correct. Executed on this 18th day of November 2016.

<u>s/ Evan J. Smith</u>

EVAN J. SMITH
